# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVION G. DAVIS,

    Plaintiff,

v.                     Case No. 09-C-863

INVESTIGATOR DERKS,

    Defendant.

## ORDER

  The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

  The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $13.11.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S.

at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that he was arrested in Minnesota in July 2006 and charged with first degree intentional homicide based on the May 19, 2006 shooting of Robert C. Nellom, Jr., in Racine, Wisconsin. According to the plaintiff, the arrest warrant was based on defendant Racine Police Department Investigator Derks' interview of witness Laquish Dawkins, who is mentally retarded. The plaintiff alleges that defendant Derks used his position and Laquish Dawkins' low intelligence level to "manufacture" Dawkins' statements. As a result of Dawkins' affidavit, the plaintiff claims that he suffered an invalid arrest and probable cause determination in violation of the Fourth Amendment.

For relief, the plaintiff seeks $500,000 compensatory damages for the conditions of confinement suffered from July 2006 until August 30, 2006, in the Minnesota and Racine County Jail Facilities compared to those of his residence of free society, and freedom of movement he would have enjoyed in free society. He additionally seeks punitive damages in the amount of $750,000.

The plaintiff states an arguable Fourth Amendment claim based on allegations that defendant Derks manufactured the affidavit that was relied upon to issue his arrest warrant. *See Malley v. Briggs*, 475 U.S. 335, 345 (1986); *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742-43 (7th Cir. 2003). However, a review of Wisconsin Circuit Court Access online records reveals that the plaintiff is currently appealing his conviction in state court.

The Younger abstention doctrine requires federal district courts to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. *Younger v. Harris*, 401 U.S. 37, 53 (1971). This rule is premised on the assumption that a plaintiff's federal constitutional claims can fairly be vindicated in state court proceedings without federal intrusion. *Grandco Corp. v. Rochford*, 536 F.2d 197, 202 (7th Cir. 1976). In addition, federal courts generally abstain from interfering with ongoing state criminal prosecutions, even in the context of a § 1983 suit for damages. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) (applying the Younger abstention doctrine to claims for damages that might undermine ongoing prosecution and recognizing a stay as appropriate method of abstention).

In *Simpson*, while awaiting trial for charges of felony murder in connection with the robbery of a grocery store and the shooting death of one of its customers, Robert Simpson filed a civil rights complaint against the arresting officers and the state's attorney. *Id.* at 135. The complaint alleged, *inter alia*, that Simpson was falsely arrested, illegally searched, and denied equal protection of the laws. *Id.* While Simpson's appeal of his criminal conviction of felony murder was pending in state court, the federal district court abstained from granting relief with respect to his civil rights claim because adjudication of the complaint would "necessarily involve the very issues to be considered on appeal in the state court proceedings." *Id.* (internal citations omitted). The Seventh Circuit Court of Appeals affirmed and held that the

-5-

twin concerns of comity and federalism discussed in *Younger* necessitated a stay of the federal proceedings:

> [I]f Simpson were to prevail on his federal damages action before the conclusion of the state supreme court proceedings, the resulting federal judgment might undermine the supreme court's consideration of Simpson's constitutional defenses to his criminal conviction. The policy against federal interference with pending state proceedings would thus be frustrated as must by a damage award as it would by either an injunction or a declaratory judgment.

*Id.* at 138.

In this case, the plaintiff is challenging the validity of his arrest and determination of probable cause. Addressing the plaintiff's federal civil rights claims while his criminal case is open has great potential for undermining the state case. Accordingly, this action will be dismissed without prejudice. The plaintiff may file a request to reopen this case once he has finished appealing his state criminal case.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $336.89 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of

Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge